UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:23-CR-00045-LPR** |
| | ) | |
| **ALREICO WILEY** | ) | |

**ORDER**

Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 57) is GRANTED in part and DENIED as Moot in part.

## I. Background

On April 1, 2025, Defendant pleaded guilty to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) pursuant to the terms of a written plea agreement. (Doc. 45). He was sentenced to 144 months' imprisonment and three years of supervised release on December 16, 2025, and judgment was entered on December 17, 2025. (Doc. 53). On January 5, 2026, Defendant's attorney filed a motion for an extension of time to file a notice of appeal, acknowledging that Defendant made a timely request to her that a notice of appeal be filed. (Doc. 55). The Court denied the order without prejudice in part because the motion did not describe why the notice of appeal was not timely filed, so the Court could not determine whether there was good cause or excusable neglect. (Doc. 56).

In the instant motion, Wiley argues that defense counsel did not effectively challenge the age of his prior convictions at sentencing and failed to timely file his notice of appeal. (Doc. 57). Although not listed in the grounds for relief, Wiley asserts his attorney filed his notice of appeal

late. (Doc. 57). The Court construes the pro se motion liberally[1] and, for the reasons set forth below, grants the motion in part and denies the motion as moot in part.

## II. Discussion

### A. Ineffective Assistance

#### 1. Sentencing

To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his attorney's performance fell below an objective standard of reasonableness, identifying defense counsel's acts or omissions that he alleges are the result of unreasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668, 688, 690 (1984); *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995). Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Id.* If the defendant demonstrates that defense counsel's performance was deficient, he must also establish prejudice—that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Defendant argues in Ground One that defense counsel failed to adequately challenge that his prior convictions were too old to qualify as career offender predicates. (Doc. 57).[2] This portion of Defendant's Motion is denied as moot because, as explained below, the Court will (based on the other ground asserted) vacate the sentence and order resentencing. Since there will be a full resentencing, claims of ineffective assistance at the original sentencing are no longer of any legal relevance.

---

[1] *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

[2] Wiley appears to have inadvertently referenced the Assistant United States Attorney while intending to reference his counsel. (Doc. 57).

**2. Notice of Appeal**

An attorney's failure to file a notice of appeal after being asked "constitutes ineffective assistance, and no specific showing of prejudice is required." *Sellner*, 773 F.3d at 930 (citing *Watson v. United States*, 493 F.3d 960, 963–64 (8th Cir. 2007); *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 483–84 (2000)). Where a defendant has instructed counsel to file an appeal and has forfeited his or her right to appeal because counsel failed to do so, "[t]he court need not inquire into whether the intended appeal would be meritorious or likely to succeed." *Watson*, 493 F.3d at 964 (citing *Barger v. United States*, 204 F.3d 1180, 1182).

In his motion, Wiley asserts that defense counsel filed his notice of appeal late. (Doc. 57 at 11). Defense counsel acknowledges that Wiley instructed her to file a notice of appeal and that she failed to timely do so. (Doc. 55, 68-1.) The Court grants Wiley's motion in part, finds Wiley was "unconstitutionally deprived of appellate review because of ineffective assistance of counsel," vacates Wiley's sentence, and orders resentencing. *See United States v. Beers*, 76 F.3d 204, 205 (8th Cir. 1996) (citing *Hollis v. United States*, 687 F.2d 257, 259 (8th Cir.1982)

**CONCLUSION**

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. 57) is GRANTED in part and DENIED as Moot in part.

IT IS SO ORDERED this 8th day of September, 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE